# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(Northern Division)**

|  |  |
|---|---|
| SARAFINA SHIPPING COMPANY LTD., | : |
| Plaintiff, | : Case No. |
| vs. | : |
| | : IN ADMIRALTY |
| UNION BULK A.S., | : |
| Defendant. | : |

**DECLARATION OF NOE S. HAMRA IN SUPPORT OF APPLICATION FOR RULE B ATTACHMENT AND APPOINTMENT OF SPECIAL PROCESS SERVER**

I, Noe S. Hamra, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      I am a partner with the law firm Blank Rome LLP based in the firm's New York office and have applied to be admitted *pro hac vice* to practice before this Court. Our office represents Plaintiff Sarafina Shipping Company Ltd. ("Sarafina" or "Plaintiff") in this action.

2.      I am familiar with the facts and circumstances underlying this dispute as set forth in the Verified Complaint being filed contemporaneously herewith, and I submit this Declaration in support of Plaintiff's application for issuance of Process of Maritime Attachment and Garnishment of the property of Defendant Union Bulk A.S. ("Union Bulk" or "Defendant") in the above-captioned action pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B").

***Union Bulk Cannot be "Found" Within this District Under Rule B***

3.      I have personally inquired into the presence of Defendant in this District.

1

4.      I have been unable to find any entity named "Union Bulk A.S." formed in or registered to do business in the State of Maryland, either as a business entity or a DBA. I checked the Maryland Department of Assessments and Taxation Business Search database, accessible at https://egov.maryland.gov/BusinessExpress/EntitySearch, for "Union Bulk A.S." which returned no results. I then searched the same database for any entities containing the words "Union Bulk," which also returned no results.

5.      I have also conducted a search for Defendant using the Yellow Pages telephone directory, accessible at http://www.yellowpages.com, and determined that there are no telephone listings or addresses for Defendant within this District.

6.      Further, I have conducted a Google search as to whether Defendant can be located within this District, and the search results did not provide any information indicating that Defendant is located in this District.

7.      I am unaware of, and my searches have not disclosed, any general or managing agent(s) within this District for Defendant.

8.      I have thus been able to determine that Defendant has not appointed an agent for service of process within the State of Maryland and I have found no indication that Defendant can be "found" within this District with respect to Plaintiff's claims for the purposes of Rule B.

9.      I have formed a good faith belief based on my investigation that Defendant does not have sufficient contacts or business activities within this District and does not have any offices or agents within this District to defeat maritime attachment under Rule B.

***Union Bulk Has Property in the District***

10.    Upon information and belief, the Defendant has tangible and intangible property which belongs to it or is maintained for its benefit within this District by third-party garnishees and which is subject to attachment pursuant to Rule B.

11.    The instant Rule B attachment seeks to attach (a) bunkers onboard the vessel LUCILIA C, which are currently within this District, and (b) freight due and owing to Defendant from Smith Industries Inc. ("Smith") for the carriage of scrap from Baltimore to Turkey.

12.    Upon information and belief, Defendant Union Bulk is currently operating as time charterer of the vessel LUCILIA C. Based upon industry custom and practice, a charterer under a time charter party is responsible to pay for bunkers for the vessel during the pendency of the time charter. As such, the bunkers onboard the LUCILIA C constitute property of the Defendant within this District.

13.    Upon information and belief, Union Bulk has sub-chartered the LUCILIA C to Smith, located at Sparrows Point, Maryland, on a voyage basis for the carriage of scrap from Baltimore to Turkey.

14.    Upon information and belief, the LUCILIA C called at Sparrow's Point, Maryland, on or around July 12, 2026 to load Smith's cargo and, upon information and belief, remains in port as of the date of this filing.

15.    Smith will soon owe, or already owes, Defendant freight for the carriage of the scrap to Turkey. Once that freight is due and owing, it constitutes property of Defendant Union Bulk within this District and is subject to maritime attachment pursuant to Supplemental Rule B.

16.     Upon information and belief, Smith is a corporation duly organized under the laws of Maryland with its principal office at 2001 Kenilworth Ave., Capital Heights, MD 20743. Smith is therefore located within this District and is subject to service of process herein.

17.     I am not aware of any statutory or maritime law bar to the requested attachment. The Charter provides for London arbitration of disputes arising thereunder, and this action has been filed in accordance with Rule B and 9 U.S.C. § 201 *et seq.* to obtain *quasi in rem* jurisdiction over Defendant and to secure Plaintiff's claims pending arbitration.

***Request to Authorize Substitute and Continuous Service on Garnishee Smith Industries Inc.***

18.     This Declaration is further made in support of Plaintiff's application for an order to appoint a special process server pursuant to Rule B(1)(d)(ii) and Rule 4(c)(3) of the Federal Rules of Civil Procedure, to serve by personal service, verifiable electronic means, or any other means accepted by Smith the Writ and Order of Attachment and Garnishment, Verified Complaint, and this Declaration on Smith, as garnishee within this District that is in possession of Defendant's intangible property (freight).

19.     Plaintiff seeks to serve the requested Process for Maritime Attachment and Garnishment with deliberate speed so that it may be fully protected against the potential of being unable to satisfy a judgment or award ultimately obtained by Plaintiff and entered against Defendant.

20.     Because the freight owed by Smith to Defendant constitutes intangible property not on board a vessel, Rule B(1)(d)(ii) permits service to be made by a person specially appointed by the Court for that purpose. Accordingly, there is no need to require that service on Smith be effected by the Marshal.

4

21.    Plaintiff also respectfully requests that the Court grant it leave to serve any additional garnishee(s) who may, upon information and belief obtained in the course of this action, be holding, or believed to be holding, property of the Defendant within this District. Obtaining leave of Court at this time to serve any later identified garnishees will allow for prompt service of the Process of Maritime Attachment and Garnishment without the need to present to the Court an amended proposed writ seeking simply to identify such other garnishee(s).

22.    Further, in order to avoid the need to physically serve the garnishee(s) daily and repetitively, Plaintiff respectfully seeks further leave of the Court, as set out in the accompanying *Ex Parte* Order for Process of Maritime Attachment, for any process that is served on a garnishee to be deemed effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service to be further deemed effective through the end of the next business day, provided that another service is made that day, and to authorize service of process via facsimile or e-mail following initial personal service.

23.    In view of the foregoing, Plaintiff respectfully requests that the application for a writ of maritime attachment and garnishment and appointment of special process server be granted.

I declare under penalty of perjury that the foregoing is true and correct.


New York, New York
July 17, 2026


                                             _/s/ Noe S. Hamra_____
                                                  Noe S. Hamra


5