IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| SARAFINA SHIPPING COMPANY LTD, <br><br> Plaintiff, <br> v. <br><br> UNION BULK A.S., <br><br> Defendant. | Case No. 26-cv-2816-RDB <br><br> **IN ADMIRALTY** |

**MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR AN EX PARTE ORDER AUTHORIZING ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT AND A SPECIAL PROCESS SERVER**

Plaintiff Sarafina Shipping Company Ltd. ("Sarafina" or "Plaintiff"), by and through its attorneys, Blank Rome LLP, submits this Memorandum of Law in support of its *ex parte* application for an order authorizing the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B") against Defendant Union Bulk A.S. ("Union Bulk" or "Defendant"), and certain garnishees including Smith Industries Inc. ("Smith").

The instant action arises from Defendant's breach of a charter party by and between Plaintiff as owner, and Defendant as time charterer, as evidenced by a fixture recap dated August 26, 2025 (the "Charter"). Plaintiff initiated this action to obtain security for claims against Defendant in connection with Defendant's nomination of an unsafe berth in Luanda, Angola in violation of the Charter. The facts are set forth in the Verified Complaint and accompanying declaration of Noe S. Hamra, dated July 17, 2026 (the "Hamra Declaration"). As shown therein,

1

Plaintiff respectfully submits that all requirements for the issuance of an order of attachment pursuant to Rule B are satisfied here

## I.    THE COURT HAS SUBJECT MATTER JURISDICTION

The Verified Complaint alleges admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.  Plaintiff's claim falls within this Court's maritime jurisdiction because the contract underlying the dispute (a charter party) is maritime contract. *See Fednav, Ltd. v. Isoramar, S.A.*, 925 F. 2d 599, 601 (2d Cir. 1991) ("[i]t is well-established that a charter party agreement is a maritime contract").

## II.    RULE B DOES NOT REQUIRE PRE-ATTACHMENT NOTICE

As stated in the 1966 Advisory Committee Notes to Rule B, no notice was provided for because "[n]one is required by the principles of due process, since it is assumed that the garnishee or custodian of the property attached will either notify the defendant or be deprived of the right to plead the judgment as a defense in an action against him by the defendant."  Rule B Advisory Committee's notes to the 1966 adoption.  The Committee noted in their comments on the 1985 Amendment that Rule B was amended to provide for judicial scrutiny before the issuance of the attachment "to eliminate doubts as to whether the Rule is consistent with the principles of procedural due process enunciated by the Supreme Court . . ." *Id.*  Further:

> The rule envisions that the order will issue when the plaintiff makes a prima facie showing that he has a maritime claim against the defendant in the amount sued for and the defendant is not present in the district.  A simple order with conclusory findings is contemplated.

*Id.*  Therefore, Plaintiff may proceed *ex-parte* and provide notice promptly <u>after</u> a successful attachment of the Defendant's property;

As was well stated in *Trans-Asiatic Oil Limited, S. A. v. Apex Oil Company*, 604 F. Supp. 4 (D. P.R. 1984):

Maritime attachment is part of admiralty jurisdiction in the maritime context.  Since the constitutional power of the federal courts is separately derived from admiralty, suits under admiralty jurisdiction involve separate policies to a certain extent.  This principle suggests, not only that jurisdiction by attachment of property should be accorded special deference in the admiralty context, but also that maritime actors must reasonably expect to be sued where their property may be found. *See Amoco Overseas Oil v. Compagnie Nationale Algenienne, supra*, 605 F. 2d [648] at 655 [2d Cir. 1979]. Thus, the history of maritime attachment itself, the autonomy of admiralty jurisprudence, the long constitutional viability of maritime attachment, and the modern trend in admiralty to strengthen traditional admiralty remedies against property, rather than erode them, compel the conclusion that the common law principles enunciated in *Shaffer v. Heitner, supra* [433 U.S. 186, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977)] do not apply to Rule B(1) attachments.

…

Property attached under Supplemental Rule B could be shipped out, otherwise disposed of, or concealed; credits, such as the one involved here, could be collected or quickly transferred from the jurisdiction.  Notice prior to attachment would in many instances enable the owner to frustrate judicial enforcement of the lien. In fact, it could defeat the purposes of the attachment.

*Id.* at 7-8 (emphasis added).

## III.    THE CONDITIONS FOR A RULE B ATTACHMENT EXIST

Pursuant to Rule B, a plaintiff must show that it has satisfied four prerequisites: (1) the plaintiff has an in personam claim against the defendant which is cognizable in admiralty; (2) the defendant "cannot be found within the district" in which the action is commenced; (3) property belonging to the defendant is present or will soon be present in the district; and (4) there is no statutory or general maritime law proscription to the attachment. *Harbor Pilots of NY NJ, LLC v. Bouchard Transp. Co.*, 474 F. Supp. 3d 727, 729-30 (D. Md. 2020);

If a plaintiff meets these requirements, the court "must enter an order authorizing the attachment and garnishment." *Id.* at 730 ; *see also DS-Rendite Fonds Nr. 108 VLCC Ashna GmbH*

3

*& Co Tankschiff KG v. Essar Capital Ams. Inc.*, 882 F.3d 44, 49 (4th Cir. 2018) ("[a]s a general matter, the pleading requirements under Rule B are said to be easily met") (citing *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 443 (2d Cir. 2006)).

**A. Plaintiff's Claim is a *Prima Facie* Admiralty or Maritime Claim**

Plaintiff's claim falls within this Court's maritime jurisdiction because the contract underlying the dispute, a time charter agreement for the use of a vessel in maritime commerce, is a maritime contract. *See Norfolk S. Ry. v. James N. Kirby, Pty Ltd*., 543 U.S. 14, 24, 125 S. Ct. 385, 393 (2004) (finding that federal admiralty jurisdiction extends to contracts that have sufficient "reference to maritime service or maritime transactions"); *D'Amico Dry, Ltd. v. Primera Mar. (Hellas), Ltd*., 886 F.3d 216, 223 (2d Cir. 2018) ("[i]n other words, we ask whether the 'principal objective' of the agreement is 'maritime commerce.'"); *Fednav, Ltd*, 925 F.2d at 601 (2d Cir. 1991) ("[i]t is well established that a charter party agreement is a maritime contract") (citing *Armour & Co. v. Fort Morgan S.S. Co.*, 270 U.S. 253, 259 (1926)); *In re Aries Marine Corp*., 2024 U.S. Dist. LEXIS 210770, at *20 (E.D. La. Nov. 20, 2024) (noting it is "undisputed" that a time charter is a maritime contract) (citing *Bourg v. Chevron USA*, 91 F.3d 141, 1996 A.M.C. 2587, 2589 (5th Cir. Jun. 21, 1996) ("[a] charter agreement for a vessel is a maritime contract, to be construed according to maritime law")).

**B. Defendant Union Bulk Cannot be Found Within this District**

Pursuant to Local Rule LAR(b)(1), a defendant is not "found within the District" for purposes of Rule B "unless the defendant can be personally served therein by delivering process . . . (ii) in the case of a corporation, trust or association, to an officer, trustee, managing, or general agent thereof."

Here, as set forth in the Hamra Declaration, Plaintiff has met its initial burden of establishing that Defendant could not be found in this District. *See* Hamra Decl. at ¶¶ 5-9; Verified

4

Complaint at ¶ 30. Based on searches of the Maryland Department of Assessments and Taxation's business records, public telephone directories, and publicly available internet sources, Plaintiff has found no indication that Defendant is incorporated or registered to do business in Maryland, maintains an office in Maryland, or has a registered or managing agent for the receipt of service of process in Maryland. *See* Hamra Decl. at ¶¶ 5-9; *see also d'Amico Dry D.A.C. v. Union Bulk A.S.*, 2026 U.S. Dist. LEXIS 155017, at *7 (D. Md. Jul. 14, 2026) (finding Defendant Union Bulk is not found within this District).

### C. Defendant Union Bulk's Property is Located Within the District

Plaintiff seeks attachment of Defendant's property, namely (i) bunkers onboard the LUCILIA C, a vessel located within the District which Defendant is presently chartering, and (ii) freight due and owing to Defendant by Smith. *See* Verified Complaint at ¶¶ 28-36. The total amount of Defendant's property to be attached is $623,447, consisting of $445,319 for the principal claim, $100,000 for English attorneys' fees, and $78,128 for interest. *Id.* at ¶ 36.

As set forth in the Hamra Declaration, there is good cause to believe that Defendant's property is located within this District because the LUCILIA C is, upon information and belief, presently located within the District and the bunkers onboard are property of Defendant as charterer. Verified Complaint at ¶¶ 28-36; Hamra Decl. at ¶¶ 10-16. Further, Defendant Union Bulk has sub-chartered the LUCILIA C to Smith, who is organized under and maintains an office within the District, on a voyage basis for the carriage of scrap from Baltimore to Turkey. Therefore, Smith will soon owe, or already owes, Defendant freight for the carriage of the scrap to Turkey. Once that freight is due and owing, it constitutes property of Defendant Union Bulk within this District and is subject to maritime attachment pursuant to Supplemental Rule B. Verified Complaint at ¶¶ 28-36; Hamra Decl. at ¶¶ 10-16.

5

Accordingly, Plaintiff has met its burden of establishing that Defendant's property is located within the District. *See Harbor Pilots of NY NJ, LLC*, 474 F. Supp. 3d at 731 ("plaintiffs seeking attachment must satisfy the Twombly-Iqbal standard in identifying the property to be attached under Rule B - they must allege facts sufficient to 'state a claim to relief that is plausible on its face'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**D. There is no Maritime or Statutory Bar to Attachment**

There is no statutory or maritime bar that might prevent the attachment of Defendant's property. Nor does the Charter's London arbitration provision bar attachment. Plaintiff seeks security in aid of its maritime claims and has reserved the right to arbitrate the merits in London; courts have recognized that Rule B attachment is available to secure maritime claims notwithstanding foreign arbitration provisions. *See also d'Amico Dry D.A.C. v. Union Bulk A.S.*, 2026 U.S. Dist. LEXIS 155017, at *7 (D. Md. Jul. 14, 2026) (granting Rule B attachment in aid of London arbitration between the same parties in this District); *Construction Exporting Enterprises, UNECA v. Nikki Maritime, Ltd.*, 558 F. Supp. 1372, 1375 (S.D.N.Y. 1983).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court enter an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment up to the amount of $623,447, and grant such other and further relief as it may deem just and proper.

Dated: July 17, 2026

Respectfully submitted,

**BLANK ROME LLP**

 */s/ Luke M. Reid*

Luke M. Reid (Bar No. 31228)
Luke.Reid@blankrome.com
125 High Street, 3rd Floor
Boston, MA 02110
617-415-1200

William R. Bennett, III*
William.Bennett@blankrome.com*
Noe S. Hamra*
Noe.Hamra@blankrome.com
Carmella R. O'Hanlon
Carmella.Ohanlon@blankrome.com
1271 Avenue of the Americas
New York, NY 10020
212-885-5000

*Attorneys for Sarafina Shipping Company Ltd.*

*\* Admission pro hac vice to be filed*