**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **SARAFINA SHIPPING COMPANY LTD.,**<br>    *Plaintiff,*<br><br>  v.<br><br> **UNION BULK A.S.,**<br><br>    *Defendant.* | **Case No. 1:26-cv-02816-JRR** |

**MEMORANDUM OPINION**

Pending before the court is Plaintiff Sarafina Shipping Company LTD's ("Sarafina" or "Plaintiff") Verified Complaint ECF No. 1, including the attached Declaration of Noe Hamra as Exhibit A thereto at ECF No. 1-1.  Also before the court are Plaintiff's associated Memorandum of Law in Support of Application for an Ex Parte Order Authorizing Issuance of Process of Maritime Attachment and Garnishment and a Special Process Server, and proposed order and writ re same, at ECF Nos. 3, 3-1, and 3-2.  The above-referenced pleading and papers are filed pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure (pertaining to *in personam* actions for attachment and garnishment), as well as Supplemental Admiralty and Maritime Rules of the Local Rules of this court ("LAR").

For the reasons set forth below, the court will grant Plaintiff's request for issuance of an Ex Parte Order Authorizing Issuance of Process of Maritime Attachment and Garnishment and will enter the proposed order at ECF No. 3, and direct Madam Clerk to issue the writ at ECF No. 3-2; however, the court will deny Plaintiff's apparent request in the Declaration of Noe Hamra (Ex. A, ECF No. 1-1) at paragraph 20 that the court allow a non-Marshal substitute process server; the court shall require that summons, process, and any supplemental process be delivered to the

United States Marshal for service.[1]

## I.    Background[2]

Plaintiff, a foreign company (Bahamas), is, and was at all relevant times, the owner of the bulk carrier vessel M/V CS SARAFINA (IMO: 9635468) (the "Vessel").  Defendant Union Bulk A.S. ("Union Bulk"), also a foreign company (Denmark), was at all relevant times the charterer of the Vessel pursuant to a charterparty dated August 26, 2025.  Plaintiff instituted arbitration before the London Maritime Arbitrators Association against Defendant in connection with a dispute pertaining to Defendant's alleged failure to provide safe and adequate berth for the Vessel, which resulted in its damage to the Vessel.  Plaintiff estimates the loss/harm to the Vessell to be valued at $445,319.00.  As a result of Defendant's alleged failure to provide safe and adequate berth in accordance with the parties' charterparty, Plaintiff instituted the instant action for breach of contract (Count I) and Request for Order of Maritime Attachment (Count II)—both stemming from the charterparty and in accordance with the Federal Arbitration Act, 9 U.S.C. § 8.  The total security sought by Plaintiff, *i.e.*, the total amount of Defendant's property Plaintiff seeks to attach is $623,447, consisting of $445,319 for the principal claim, $100,000 for English attorneys' fees, and $78,128 for interest.

Plaintiff seeks issuance of process of maritime attachment to secure its claims in the London arbitration against Union Bulk.  On information and belief, Plaintiff asserts Union Bulk is currently operating as time charterer of the vessel LUCILIA C, and that it has sub-chartered the LUCILIA C to Smith Industries Inc. ("Smith")—an entity with its principal office at 2001 Kenilworth Ave., Capitol Heights, Maryland—on a voyage basis, for the carriage of scrap from

---

[1] To that end, the court has edited the proposed writ at ECF No. 3-2 to omit reference to a "designated process server."
[2] For the reasons discussed below, the court accepts as true all well-pled facts set forth in the Verified Complaint. (ECF No. 1.)  *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

2

Baltimore to Turkey.  Specifically, Plaintiff avers:

> [T]here is good cause to believe that Defendant's property is located within this District because the LUCILIA C is, upon information and belief, presently located within the District and the bunkers onboard are property of Defendant as charterer. . . .  Further, Defendant Union Bulk has sub-chartered the LUCILIA C to Smith, who is organized under and maintains an office within the District, on a voyage basis for the carriage of scrap from Baltimore to Turkey. Therefore, Smith will soon owe, or already owes, Defendant freight for the carriage of the scrap to Turkey. Once that freight is due and owing, it constitutes property of Defendant Union Bulk within this District and is subject to maritime attachment pursuant to Supplemental Rule B.

(ECF No. 3-1 at p. 5.)

Plaintiff further alleges and attests, based on its due diligence searches, that Union Bulk cannot be found in this district within the meaning of Supplemental Rule B and LAR(b)(1), and that there are no known statutory or maritime law bars to the requested attachment.

## II.    Legal Standard

"Rule B provides for *quasi in rem* jurisdiction; that is, where a defendant cannot be served in the forum district, he may nevertheless be subject to the Court's authority if he owns personal property located within the forum district." *Tango Marine, S.A. v. Elephant Grp. Ltd.*, 431 F. Supp. 3d 726, 728 (E.D. Va. 2020) (quoting *Woodlands Ltd. v. Nationsbank, N.A.*, 164 F.3d 628 (4th Cir. 1998)).  In particular, Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides in relevant part:

> If a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property--up to the amount sued for--in the hands of garnishees named in the process.

FED. R. CIV. P. SUPP. R. B(1)(a). Rule E, "the governing pleading standard for Supplemental Rule B proceedings," *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 539 (4th Cir. 2013), "provides that maritime attachment and garnishment 'may be served only within the district.'" *Harbor Pilots of NY NJ, LLC v. Bouchard Transportation Co., Inc.*, 474 F. Supp. 3d 727, 729 (D. Md. 2020) (quoting FED. R. CIV. P. SUPP. R. E(3)(a)).

Pursuant to these rules, admiralty plaintiffs must "satisfy four criteria to obtain an order of attachment: (1) the plaintiff has a prima facially valid admiralty claim against the defendant; (2) the defendant cannot be found within the District of Maryland; (3) the defendant's property may be found within the District of Maryland; and (4) there is no other statutory or maritime law bar to the attachment." *Harbor Pilots*, 474 F. Supp. 3d at 729–30 (first citing *Blue Whale Corp. v. Grand China Shipping Dev. Co.*, 722 F.3d 488, 493 (2d Cir. 2013); and then citing *Vitol*, 708 F.3d at 541). "The plaintiff seeking the initial ex parte order of attachment or garnishment bears the burden of establish the right to attachment." *McAllister Towing of Baltimore, Inc. v. Safesea Transp., Inc.*, No. CV 25-3581-BAH, 2025 WL 3063684, at *2 (D. Md. Nov. 3, 2025) (citing *Harbor Pilots*, 474 F. Supp. 3d at 730). "Ultimately, the decision to grant or deny a motion for order of attachment rests in the trial court's discretion." *Harbor Pilots*, 474 F. Supp. 3d at 730.

"Rule B does not, however, explicitly provide what level of specificity the Verified Complaint and accompanying affidavit's allegations must meet." *Id.* While the pleading requirement under Rule B are generally "said to be easily met," this court has previously held, relying on Second Circuit precedent, that a plaintiff "seeking attachment must satisfy the *Twombly-Iqbal* standard in identifying the property to be attached under Rule B – they must allege facts sufficient to 'state a claim to relief that is plausible on its face.'" *Id.* at 730–31 (first quoting *DS-Rendite Fonds Nr. 108 VLCC Ashna GMBH & Co Tankschiff KG v. Essar Cap. Americas Inc.*,

882 F.3d 44, 49 (2d Cir. 2018)); and then quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Thus, more is required than conclusory allegations; "the facts alleged must provide sufficient specificity either as to the nature of the business relationship between the garnishee(s) and the defendant and/or the nature of the defendant's property subject to the attachment."[3]  *DS-Rendite*, 882 F.3d at 50.

### III.    Analysis

Pursuant to Rule B, the court must review the Verified Complaint and accompanying affidavit and, "if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment."  FED. R. CIV. P. SUPP. R. B(1)(b); *see Tango Marine, S.A. v. Elephant Grp. Ltd.*, 431 F. Supp. 3d 726, 728 (E.D. Va. 2020) (discussing same).

Based on the Verified Complaint, the memorandum in support of Plaintiff's Application for Ex Parte Order, as well as the Hamra Declaration, the court finds Plaintiff is entitled to its requested relief.  Plaintiff's Verified Complaint sets forth a prima facie valid admiralty claim against Union Bulk.  Further, accepting as true the well-pled allegations and facially valid supportive Declaration, the court is satisfied that Union Bulk cannot be found within the District of Maryland, and that its tangible and intangible property is reasonably expected and likely to be found within the District of Maryland on board the LUCILIA C in Sparrows Point and/or at Smith's office in Capitol Heights – specifically, bunkers paid for by Union Bulk and freight due and owing to Union Bulk.  The court is also satisfied that Plaintiff meets its burden as to the

---

[3] Pursuant to Rule E, "[w]henever property is . . . attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the . . . attachment should not be vacated or other relief granted consistent with these rules."  FED. R. CIV. P. SUPP. R. E(4)(f).  "These procedures allow a maritime plaintiff to assert a claim against a defendant 'over whom the court does not (otherwise) have personal jurisdiction, by seizing property of the defendant (alleged to be in the hands of a third party).'"  *Harbor Pilots of NY NJ, LLC v. Bouchard Transportation Co.*, Inc., 474 F. Supp. 3d 727, 730 (D. Md. 2020) (quoting *DS-Rendite Fonds Nr. 108 VLCC Ashna GmbH & Co. Tankschiff KG v. Essar Capital Ams., Inc.*, 882 F.3d 44, 47 (2d Cir. 2018)).

absence of any statutory or maritime law bar to the requested attachment.

For these reasons, the court will grant the Application for Ex Parte Order Authorizing Issuance of Process of Maritime Attachment and Garnishment.

Importantly, however, as reflected above, the court shall require service be made by the U.S. Marshal, and shall not permit a substitute process server at this time. Rule B provides:

> (i) If the property is a vessel or tangible property on board a vessel, the summons, process, and any supplemental process must be delivered to the marshal for service.
>
> (ii) If the property is other tangible or intangible property, the summons, process, and any supplemental process must be delivered to a person or organization authorized to serve it, who may be (A) a marshal; (B) someone under contract with the United States; (C) someone specially appointed by the court for that purpose; or, (D) in an action brought by the United States, any officer or employee of the United States.

FED. R. CIV. P. SUPP. R. B(1)(d)(i), (ii).

Here, the property subject to the requested attachment is bunkers and freight. Therefore, the property to be attached includes tangible property on board a vessel, as well as intangible property (represented by, or calculated as a function of, tangible property—cargo) on board a vessel. The court will therefore require that summons, process, and any supplemental process be delivered to the marshal for service.

## IV.    Conclusion

Accordingly, for the foregoing reasons, by accompanying order, the court will grant Plaintiff's request for issuance of an Ex Parte Order Authorizing Issuance of Process of Maritime Attachment and Garnishment and will enter the proposed order at ECF No. 3, and direct Madam Clerk to issue the writ at ECF No. 3-2; however, to be clear, the court requires that summons, process, and any supplemental process be delivered to the United States Marshal for service.

6

July 17, 2026

/s/_____
Julie R. Rubin
United States District Judge